UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARQUON T. JACKSON,<br><br>                    Defendant. | Case No. 18-CR-74-1-JPS<br><br>**ORDER** |

**1.     BACKGROUND**

On October 2, 2020, Defendant filed a motion for compassionate release. (Docket #51). The Government filed a response, (Docket #56), and Defendant did not enter a reply. The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

**2.     FACTS**

In January 2018, Defendant was arrested in connection with a shooting in an apartment building in Milwaukee. (Docket #36 at 6). Video footage revealed Defendant entering and exiting the building. (*Id.*) Defendant self-surrendered and admitted to carrying a rifle in his backpack and firing a weapon during the shootout in the apartment. (*Id.*) He pleaded guilty to and was convicted of being a felon in possession of a firearm and possession with intent to distribute marijuana. (Docket #56 at 2). On June 7, 2019, Defendant was sentenced to 55 months of imprisonment. (Docket #41 at 2). Defendant has served approximately 18 months of that sentence. (Docket #56 at 2). Defendant has a criminal history that stretches back to 1999, when he was thirteen years old, and it includes drugs crime, domestic violence, battery, and assault. (Docket #36 at 12).

Defendant is a 34-year-old male. (Docket #56 at 12). He alleges that he suffers from high blood pressure and asthma, and he states that he had his gallbladder removed (though he does not specify the reason for this procedure). (Docket #51). Defendant has not provided any documentation or medical records confirming his conditions. Defendant is currently detained at Federal Correctional Institute Oxford ("FCI Oxford") in Oxford, Wisconsin. As of January 10, 2021, FCI Oxford reports that zero inmates and five staff have active cases of COVID-19.[1] No deaths have been reported, and 730 inmates and 69 staff have recovered from the virus.[2]

3.  **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting

---

[1]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2021).

[2]*Id.*

compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

First, Defendant has not addressed whether he has exhausted his administrative rights, nor does he provide any documents demonstrating his attempt to have the Bureau of Prisons bring a motion on his behalf. However, while the Government notes Defendant's failure to address exhaustion, the Government does not challenge Defendant's motion for failure to exhaust. (Docket #56 at 6–7). *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason

warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant claims to suffer from multiple conditions which, according to the Centers for Disease Control and Prevention, may increase one's risk for severe illness from COVID-19. These conditions include high blood pressure and asthma.[3] But Defendant has not provided the Court with *any* documentation of such illnesses,[4] and the Government notes that it was unable to secure medical records from the BOP and FCI Oxford. (Docket #56 at 10); *see, e.g.*, *United States v. Clark*, No. 11-CR-30-2-JPS, 2020 WL 4260824, at *4 (E.D. Wis. July 23, 2020) (denying compassionate release partly based on defendant's failure to provide "a complete, up-to-date record of [defendant's] medical history, nor anything such as a physician's letter that might instruct the Court as to the gravity of [defendant's] risk."); *United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release where defendant "failed . . . to provide the Court any medical records (particularly recent ones) to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care."). At this juncture, Defendant has failed to demonstrate an extraordinary and compelling reason warranting his release.

Even if Defendant were able to show an extraordinary and compelling reason for his release, the Court must still consider whether

---

[3]Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 8, 2021).

[4]Further, at the time of his sentencing in 2019, Defendant reported that he was in good health and not taking any medications. (Docket #36 at 23–24).

Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release. Defendant has not addressed these factors in his motion, and the Court finds that they weigh against Defendant's release.

Defendant was arrested shortly after a shooting in which he was involved in an apartment complex. Defendant, despite being a felon, had a rifle with him. He was also convicted on drugs charges. These are the most recent entries on a lengthy criminal record. The Court is concerned with Defendant's pattern of crime, and his present incarceration—at the very least—incapacitates his ability to commit more crimes. Further, Defendant has served only about 30% of his sentence. Releasing Defendant at this time would undermine the importance that sentencing reflect the seriousness of the underlying crime and promote respect for the law. In light of the § 3553(a) factors, the Court will deny Defendant's motion for compassionate release.

5.  **CONCLUSION**

Defendant has failed to demonstrate an extraordinary and compelling reason warranting his release, and the § 3553(a) factors strongly militate against Defendant's release. Therefore, the Court will deny Defendant's motion for compassionate release. (Docket #51). The Court will grant the Government's motion to for leave to file instanter, (Docket #55), as the Government's delay was due to a COVID-19-exposure quarantine outside of Government counsel's control.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #51) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion for leave to file instanter (Docket #55) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge